# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEREMY PLATMAN,

                    Plaintiff,

-vs-                                              Case No.  6:08-cv-861-Orl-22KRS

TURFMASTER LAWN & ORNAMENTAL
CARE, INC.,

                    Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

          This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS WITHOUT PREJUDICE (Doc. No. 25)** |
| **FILED:** | **September 4, 2008** |

          Counsel for Plaintiff Jeffrey Platman moves to dismiss the case without prejudice as he has

been unable to contact Platman.  Defendant Turfmaster Lawn & Ornamental Care, Inc. (Turfmaster)

requests that the dismissal be with prejudice.

          As an initial matter, Turfmaster has pleaded a counterclaim.  Although I have recommended

that the Court dismiss the counterclaim, doc. no. 21, the presiding judge has not yet ruled on the

Report and Recommendation.  Federal Rule of Civil Procedure 41(a)(2) limits voluntary dismissal in

cases involving a counterclaim when the defendant objects and the counterclaim has no independent

jurisdiction.  In this case, Turfmaster does not object to dismissal, but only objects to a dismissal

without prejudice.  Therefore, it appears that the limitations in Rule 41(a)(2) regarding dismissal of cases in which a counterclaim has been filed do not apply.

Turfmaster cites *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962), in support of its position that the case should be dismissed with prejudice.  In *Link*, the Court addressed the power of a district court to dismiss a case with prejudice as a sanction for failure to prosecute.  The Court held that the district court did not abuse its discretion in dismissing plaintiff's case with prejudice when plaintiff's counsel failed to appear at a scheduled pretrial conference.  *Id*. at 633.  Turfmaster also cites *El Masri v. Chrysochoos*, No. 8:02-cv-1978-T-30MSS, 2006 WL 3086904 (M.D. Fla. October 27, 2006), in which the defendant moved to dismiss with prejudice for failure to prosecute.  The court in *El Masri* dismissed the case without prejudice, but did not articulate its reasons for declining to grant the motion in its entirety.

I find that dismissal with prejudice is not warranted. The policy underlying the Fair Labor Standards Act, upon which Platman's complaint is based, favors a dismissal without prejudice so that Platman may, if appropriate, seek payment of due but unpaid overtime compensation in another case.

Rule 41(a)(2) gives the Court permission to condition dismissal without prejudice "upon such terms and conditions as the court deem proper." "In exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg v. Boston Scientific Corp.*, 252 F.2d 1253, 1256 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)).  Under Rule 41(d), the Court may also order the plaintiff to pay all or parts of the costs incurred by a defendant in a case that was voluntarily dismissed as a condition precedent to proceeding in a later-filed case that includes the

previously dismissed claim.   Courts have construed "costs" in Rule 41 to include attorney's fees. *See Cadle Co. v. Beury*, 242 F.R.D. 695, 699 (S.D. Ga. 2007)(interpreting "costs" pursuant to Rule 41(d) to include attorney's fees); *Wishneski v. Old Republic Ins. Co.*, No. 5:06-cv-148-Oc-10GRJ, 2006 WL 4764424, at *4 (M.D. Fla. Oct. 10, 2006)(same).

In another case, this Court required a plaintiff to pay the reasonable costs, including attorney's fees, incurred by a defendant as a condition of voluntary dismissal without prejudice in a case that proceeded to filing of a summary judgment motion before a dismissal was sought.  *See Wilder v. Martin Petroleum Corp.*, Case No. 6:03-cv-206-Orl-22KRS (Doc. No. 51).   In *Pontenberg*, the Eleventh Circuit affirmed a district court decision to condition dismissal without prejudice of a case that also proceeded to filing of a summary judgment motion on the requirement that the court assess costs against the plaintiff under Rule 41(d) if the plaintiff refiled her case against the defendant. *Pontenberg*, 252 F.2d at 1256.

The practical prejudice Turfmaster has suffered by incurring attorneys' fees and costs as a result of that litigation can be alleviated by the imposition of costs or other conditions of dismissal. *Id.*   Accordingly, I recommend that the Court condition dismissal of the present case without prejudice on the requirement that Platman pay the costs, including attorney's fees, that Turfmaster incurred in this litigation as a condition precedent to Platman filing or opting into a subsequently filed case that includes all or any portion of  the claim he asserted in the present case.[1]

---

[1]  Because Platman could easily circumvent the provisions of Rule 41(d) by filing an opt-in notice in a Fair Labor Standards Act case filed by a similarly situated Turfmaster employee, rather than refiling his own case, I recommend that the Court impose the condition of payment of costs, including attorney's fees, whether Platman files a new case or an opt-in notice in a case filed by another Turfmaster employee.  This result is consistent with Rule 41(a)(2), which authorizes the Court to condition dismissal without prejudice upon such conditions as it deems to be proper.

For the reasons stated above, I respectfully recommend that the Court do the following:

**GRANT** the Motion to Dismiss Without Prejudice, doc. no. 25;

**DISMISS** the counterclaim without prejudice, doc. no. 7;

**ORDER** Plaintiff Jeffrey Platman to pay the reasonable costs, including attorney's fees, Turfmaster incurred in the present case should he refile or opt-in to an action against Turfmaster "based on or including the same claim" he asserted in this case pursuant to Rule 41(a)(2); and,

**DIRECT** the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 18, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy